# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ABRIEL HERNANDEZ** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case: 22-cv-1510-BAH |
| | ) |
| **W.G. WELCH MECHANICAL CONTRACTORS, LLC,** *et al.* | ) |
| | ) |
| Defendants. | ) |
| **W.G. WELCH MECHANICAL CONTRACTORS, LLC,** | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MECHANICAL PLUMBING CREW, CO.,** | ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is Defendant W.G. Welch Mechanical Contractors, LLC's ("Welch's") pending Motion for a Hearing to Assess Counsels' Conflicts of Interest (the "Motion").[1] ECF 84. The Court has reviewed all relevant filings, including Plaintiff Abriel Hernandez's and Mechanical Plumbing Crew, Co. ("MPC")'s opposition, ECF 105, the remaining Plaintiffs' (who are represented by Messrs. Godfrey and Hennessy) opposition, ECF 107, and Welch's reply, ECF 110. Though Welch has requested a hearing, all relevant facts and issues are adequately presented in the relevant filings and the matter can be decided without a hearing. *See* Loc. R.

---

[1] MPC's Motion for Judgment on the Pleadings, ECF 106, is also pending but is not yet ripe for disposition.

105.6 (D. Md. 2021).  Accordingly, for the reasons stated below, Welch's Motion is **DENIED**.

## I.     BACKGROUND

Plaintiffs filed their complaint on March 14, 2022, in the Eastern District of Virginia as a proposed collective action against Welch, a subcontractor on the "City Ridge Project" in Washington, D.C., for alleged violations of the Fair Labor Standards Act ("FLSA") and District of Columbia labor laws, including failure to pay overtime, minimum wages, and wages owed. ECF 1.  On June 17, 2022, in ruling on Welch's motion to dismiss or transfer venue, Judge Nachmanoff of the Eastern District of Virginia ordered the case transferred to the District of Maryland.  ECF 20.  On July 1, 2022, Welch answered the complaint.  ECF 30.  On July 18, 2022, this case was referred to the undersigned for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302.  ECF 37.  On August 15, 2022, Plaintiffs sought leave to amend the complaint, which the Court granted.  ECFs 47–52.  The amended complaint named the Whiting-Turner Contracting Company ("Whiting-Turner"), the general contractor on the City Ridge Project, as an additional defendant.  ECF 47.

On September 14, 2022, Welch filed a third-party complaint against MPC for contractual and statutory indemnity, attaching to the third-party complaint the subcontract between Welch and MPC.  ECFs 60 and 60-1.  On November 8, 2022, Whiting-Turner answered the amended complaint.[2]  ECF 68.  On December 30, 2022, Plaintiffs' counsel moved to withdraw as counsel for Plaintiff Abriel Hernandez due to a "potential conflict of interest between Abriel Hernandez and the other Plaintiffs."  ECF 71, at 1.  The Court granted this request on January 5, 2023.  ECF 78.  On January 27, 2023, counsel James Rubin entered his appearance on behalf of Abriel Hernandez and MPC, and MPC answered the third-party complaint.  ECFs 81 and 82.

On January 31, 2023, Welch filed the instant Motion, requesting a hearing to assess

---

[2] Welch has not filed an answer to the amended complaint.

"whether current potential class Plaintiffs' counsel and Mr. [Abriel] Hernandez's new counsel, like his original counsel, continue to have non-waivable conflicts." ECF 84, at 4. On February 7, 2023, Chief Magistrate Judge Gesner held a settlement conference, which resulted in the settlement of nineteen Plaintiffs' claims. *See* ECFs 101 and 104. Three Plaintiffs remain in the case: (1) Abriel Hernandez, who, as noted above, is now represented by Mr. Rubin; (2) Jose Hernandez, who passed away after the commencement of this lawsuit[3]; and (3) Carlos Martinez, who is currently proceeding pro se.[4]

On February 28, MPC and Abriel Hernandez filed an opposition to Welch's Motion. ECF 105. MPC and Abriel Hernandez contend that the fact that Welch filed indemnity claims against MPC does not create a conflict and that disqualification would be an inappropriate remedy regardless. *Id.* at 4–6. The same day, Plaintiffs' counsel also filed an opposition to Welch's Motion, noting that they no longer represented any living plaintiff because they had withdrawn from representing Abriel Hernandez when a "potential, waivable conflict" between Abriel Hernandez and the other plaintiffs became apparent. ECF 107, at 2. Welch filed a reply on March 8, asserting that "Welch was justified in raising this issue with the Court" when it requested the hearing "prior to an approved settlement with all but three of the named plaintiffs, including Mr. [Abriel] Hernandez, that resulted in the dismissal of those plaintiffs' claims, as well as the class and collective action claims." ECF 110, at 1, 3.[5]

---

[3] Plaintiffs' counsel filed a suggestion of death as to Jose Hernandez on December 28, 2022. ECF 75. If a motion to substitute Jose Hernandez for his successor or representative is not made by March 28, 2023, he must be dismissed. *See* Fed. R. Civ. P. 25(a).

[4] Plaintiffs' counsel withdrew from representing Carlos Martinez on February 24, 2023. ECFs 97 and 98. No new counsel has entered their appearance for Carlos Martinez to date.

[5] Welch had previously filed its reply on March 7, ECF 108, but that document contained an error in the signature block, ECF 109. Welch filed the corrected reply on March 8. ECF 110.

## II.     LEGAL STANDARD

The Maryland Attorneys' Rules of Professional Conduct ("MARPC")[6] prohibit an attorney from representing a client when such "representation involves a conflict of interest." Md. R. Attorneys, Rule 19-301.7(a).  The MARPC define a conflict of interest as occurring when: "(1) the representation of one client will be directly adverse to another client" or "(2) there is a significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney." *Id.*  A conflict is waivable, however, if:

> (1) the attorney reasonably believes that the attorney will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the attorney in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

*Id.* (b).  At the same time, "[d]isqualification is a drastic remedy since it deprives litigants of their right to freely choose their own counsel." *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004) (citing *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995); *Shaffer v. Farm Flesh, Inc.*, 966 F.2d 142, 146 (1992)).  The Court "should allow '[d]isqualification at the urging of opposing counsel . . . only where the conflict is such as clearly to call in question the fair and efficient administration of justice.'" *Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 819 F. Supp. 2d 449, 453 (D. Md. 2011) (alterations in original) (quoting *Gross*, 307 F. Supp. 2d at 723).

---

[6] No party has provided the Court with the applicable definition of a conflict of interest, but this Court's Local Rules instruct that the relevant MARPC rules apply.  Loc. R. 704 (D. Md. 2021).

I.   **ANALYSIS**

At the outset, the Court notes that the posture of this case has changed significantly since Welch filed its initial Motion in January. In the Motion, Welch suggests that "current potential class Plaintiffs' counsel [Messrs. Godfrey and Hennessy] and Mr. [Abriel] Hernandez's new counsel [Mr. Rubin], like his original counsel, continue to have non-waivable conflicts." ECF 84, at 4. The Court will address the potential conflicts of each counsel in turn.

Welch first contends that Messrs. Godfrey and Hennessy may have a nonwaivable conflict of interest because of adequacy-of-representation requirement in class actions pursuant to Federal Rule of Civil Procedure 23. *Id.* at 4–5; Fed. R. Civ. P. 23(a)(4). As Welch correctly explains, "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The Court notes, however, that this case was brought as a collective action case pursuant to the FLSA and similar D.C. labor laws—where potential plaintiffs similarly situated to the named plaintiffs could *opt into* the suit—not as a Rule 23 class action case where class members must opt *out*. ECF 47 ¶ 14 ("Pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(1)(C), Plaintiffs bring this action on behalf of themselves and an opt-in class of all persons who were or are hourly nonexempt laborers who were procured to work for Defendant W.G./Welch by MPC . . . ."). Even if this were a potential Rule 23 opt-out class action, Welch itself concedes that the settlement agreement extinguished the class claims. ECF 110, at 1. Indeed, Messrs. Godfrey and Hennessey no longer represent any living plaintiff. Only the late Jose Hernandez remains, who must be dismissed from this lawsuit by March 28, 2023, if

his estate is not substituted. *See* Fed. R. Civ. P. 25(a)(1); ECF 75.[7] Thus, at this stage of the litigation, there is no conflict with Messrs. Godfrey and Hennessy's representation based on the class claims.

That leaves a potential conflict of interest due to Mr. Rubin's representation of both Abriel Hernandez and MPC. Welch argues that:

> a fair reading of the record as a whole supports the proposition that MPC, a company that appears to be owned, at least in part, by Plaintiff Abriel Hernandez, failed to pay its workers, including, according to Mr. Hernandez, *himself*. Hernandez, on the other hand, is personally suing *Welch*, which has a contractual and statutory right to seek indemnification from MPC for non-payment of wages that his own company—MPC—withheld.

ECF 84, at 4 (emphasis in original). Welch posits that Mr. Rubin, by representing Plaintiff Abriel Hernandez and Third-Party Defendant MPC, is "currently acting on both sides of the liability fence." *Id.* Welch does not cite any caselaw in support of this argument, and, as explained below, the Court's research fails to elucidate an actual conflict created by Mr. Rubin's representation.

Though not binding on this Court, the Court finds persuasive the reasoning in *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143 (S.D. Ohio 2002), and *Sullivan-Blake v. FedEx Ground Package Sys., Inc.*, No. 2:18-CV-01698-RJC, 2020 WL 2572273 (W.D. Pa. May 21, 2020). In *Yates*, defendants alleged that a conflict existed between class plaintiffs and Gregg McConnell, a class member who was also a corporate officer who could have been named as a defendant. *Yates*, 209 F.R.D. at 149–50. Thus, the defendants asserted that the same firm, Ferron & Associates ("Ferron"), could not represent both McConnell and the rest of the class because of the conflict of interest. *Id.* The court agreed and found that, under the Ohio Rules of

---

[7] Messrs. Godfrey and Hennessy have represented that Jose Hernandez's claim "is suspended by suggestion of death and operation of law" and that they "do not, and cannot[,] represent the Estate of Mr. Hernandez, which appears not yet to exist." ECF 107, at 2.

Professional Conduct, the third-party complaint filed against McConnell by an alleged employer "place[d] Ferron in an untenable situation." *Id.* at 152. The court held that the same attorney could not represent the class plaintiffs *and* McConnell. *Id.*

In *Sullivan-Blake*, FedEx drivers, employed through intermediary service providers, sued FedEx for labor violations in the Western District of Pennsylvania. 2020 WL 2572273, at *1. At the same time, some service providers had sued FedEx in a separate Rule 23 class action pending in the District of New Jersey. *Id.* at *3 (citing *Carrow v. FedEx Ground Package Sys., Inc.*, No. 16-3026 (D.N.J.)). In the *Sullivan-Blake* case, FedEx moved to disqualify Plaintiffs' counsel, Lichten & Liss-Riordan, P.C. ("LLR"), based on a conflict of interest because LLR also represented the *Carrow* class of service providers. *Id.* The court denied FedEx's motion, finding that FedEx had not met its burden of demonstrating any directly adverse conflict of interest between the *Sullivan-Blake* driver plaintiffs and the *Carrow* service provider plaintiffs or any significant risk that representation of both would limit LLR's representation of either.[8] *Id.* at *6–12. The court noted that the fact that FedEx might have an indemnification claim against the service providers, which relied on the service providers having violated the law, did not create a directly adverse conflict of interest. *Id.* at *8–9.

Applying this reasoning to the case here, were the same attorney attempting to represent both class plaintiffs *and* a third-party defendant company owned by a class plaintiff, the Court may agree with Welch that a conflict would exist. Here, however, this potential issue has already been remedied with Messrs. Godfrey and Hennessy's withdrawal as representative for Abriel Hernandez. Mr. Rubin is not representing both class Plaintiffs and Third-Party Defendant

---

[8] The *Sullivan-Blake* court applied Pennsylvania Rules of Professional Conduct relating to conflicts of interest. 2020 WL 2572273, at *6. The Pennsylvania and Maryland general conflicts of interest rules are identical. *Compare* Md. R. Attorneys, Rule 19-301.7, *with* Pa. R. Prof. Conduct 1.7.

MPC. Though Welch's indemnification claims against the jointly represented third-party defendant are not hypothetical like FedEx's indemnification claim was in *Sullivan-Blake*, the reasoning still stands.

A finding of liability against Welch does not create an adverse interest between MPC and Abriel Hernandez. MPC would only be liable to Welch if MPC violated the law. Plaintiffs here never filed any claims against MPC, and they are not required to do so. *See id.* at *7 ("[E]ven if the fact-finder accepted defendant's merits-based argument that the staffing company was the plaintiff's employer under the FLSA, such a scenario 'just means that [plaintiff] might not be entitled to relief. Further, if the ultimate fact finder is persuaded by [defendant's] argument, that does not mean it also has to decide that [the staffing company] was [plaintiff's] employer.'" (quoting *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 159 (D. Mass. 2019)); *see also Romero*, 368 F. Supp. 3d at 160 (finding that the intermediate staffing company was not an indispensable party where an employee hired by the staffing company brought an FLSA suit against the company for which he performed work). As such, Welch's third-party indemnification claims against MPC does not create a conflict of interest in Mr. Rubin's joint representation of MPC and Abriel Hernandez. Should a conflict of interest arise later in the litigation, the parties are free to bring it to the Court's attention.

## II.     CONCLUSION

For the foregoing reasons, Welch's Motion, ECF 84, is DENIED. A separate implementing Order follows.

Dated: March 23, 2023                                              /s/
                                                          Brendan A. Hurson
                                                          United States Magistrate Judge